*395 OPINION.
Love :
The sole question before us in the first issue is what amount of a reserve for bad debts is allowable as a deduction from income under the provisions of section 284 (a) (5) of the Revenue Act of 1921, reading as follows:
Sec. 234. (a) That in computing the net income of a corporation subject to the tas imposed by section 230 there shall be allowed as deductions:
*******
(5) Debts ascertained to be worthless and charged oft within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part; * * *
The commissioner has allowed the deduction of a reserve amounting to $2,014.23, and has disallowed the amount of $1,985.77 which is the remainder of the reserve of $4,000 charged off on the books by petitioner. A witness for petitioner testified of an account of $4,000 on which was subsequently realized but 25 per cent of its amount. The same witness admitted that respondent has computed the amount of the reserve which has been alloived as a deduction by the use of a rate per centum applied to the total accounts receivable, the rate being derived from the relation of the previous losses from bad debts. In comparison the method of petitioner appears arbitrary, and rather in the nature of a partial write-off of a single bad debt. From all of the evidence before us we are not satisfied that the entire amount of $4,000 in the reserve was attributable to bad debts rather than to various contingencies described in the journal of petitioner as “ freight,” “ discounts,” “ allowances of prior periods,” etc. We are not satisfied that any amount in excess of that allowed by respondent would be reasonable. Respondent is sustained on that issue.
The remaining issue requires for determination what amount is reasonable by way of allowance for exhaustion, wear, and tear of assets of petitioner, deductible from income under section 234 (a) (7) of the Revenue Act of 1921. The parties are not in agreement as to any of the factors in the computation of the amount. The record supports the contention of petitioner that the plant was operated during a portion of the year on an overtime basis. There is no evidence of the cost of the depreciable assets, save that they appear upon the books at certain values. Part of the assets were acquired in 1919, *396 when petitioner took over the business of a predecessor. At the end of the year immediately preceding the taxable year^ the book values of the assets were completely revised with reference to their classifications under “ building ” or “ machinery, fixtures, equipment, tools, etc.” The distinctions are important when consideration is given to the annual rates of depreciation claimed for the two classes, the rate for machinery being nearly three times the rate for buildings. There is not sufficient evidence in the record to justify us in disturbing the determination of the Commissioner and fix any other definite amount of allowance for depreciation. Respondent is sustained.

Judgment wild ~be entered for the respondent.